# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUTOTRAKK, LLC, | No. 4:16-CV-01981 |
| Plaintiff. | (Judge Brann) |
| v. | |
| AUTOMOTIVE LEASING SPECIALISTS, INC., MICHAEL C. CAFFREY, GEORGE STAUFFER, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 6, 2018

Defendants moved to dismiss Plaintiff's Second Amended Complaint. For the reasons that follow, their motion is granted in part and denied in part.

## I. BACKGROUND

This is Defendants' second motion to dismiss. Their first[1] was granted in part and denied in part, and this Court wrote a detailed memorandum opinion explaining its reasoning.[2] In response to that ruling, Plaintiff—AutoTrakk, LLC ("AutoTrakk")—filed its Second Amended Complaint[3]

---

[1] ECF No. 18.

[2] ECF No. 38.

[3] ECF No. 40. Defendants' first Motion to Dismiss was directed at AutoTrakk's First Amended Complaint, ECF No. 12.

In order to conserve resources, and because this memorandum opinion is primarily for the benefit of the parties, this Court will not reiterate the material covered in its prior memorandum opinion. Instead, it will merely address whether AutoTrakk has satisfied the deficiencies identified there.

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[4] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[5] the court does not, however, assume the truth of any of the complaint's legal conclusions.[6] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[7]

### B. Whether AutoTrakk Has Sufficiently Alleged the Existence of Trade Secrets Beyond Those Contained in Its Patent

This Court dismissed AutoTrakk's trade secrets claims, Counts I and II, because it held that AutoTrakk did not sufficiently plead the existence of trade

---

[4] Federal Rule of Civil Procedure 12(b)(6).

[5] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[7] *Id.*

secrets beyond what was contained in AutoTrakk's patent, U.S. Patent No. 7,860,746 ("'746 Patent"). In their instant motion, Defendants argue that AutoTrakk has not rectified this deficiency. This Court disagrees.

In its Second Amended Complaint, AutoTrakk adds several allegations about its purported trade secrets. For example, it alleges that, when creating lease terms for prospective borrowers, it utilizes a

> "SCORECARD," which identifies more than ten (10) separate factors (*e.g.*, residence stability, job stability, time in area), each of which is weighted four (4) to (6) different ways to arrive at an individualized score ranging from -1,085 (minimum) to 1,600 (maximum). The resulting number is referred to as the "AutoTrakk Internal Score," or ATIS.[8]

It also alleges that it has

> developed a "Residual Table," which lists more than 600 different residual percentages for a variety of vehicles based on a number of different factors, including vehicle make, lease term, and mileage. Each of these residual percentages is calculated separately and then maintained in a collective table/database.[9]

It is true, as Defendants note, that the '746 Patent reveals that AutoTrakk's patented method involves the consideration of "at least one predetermined financial parameter," which parameter "is selected from the group consisting of[, *inter alia*,] a consumer's weekly income, job history, [and] residential

---

[8] ECF No. 40 ¶ 14.

[9] *Id.* ¶ 15.

stability . . . ."[10]  However, the '746 Patent does not reveal how, precisely, those parameters—or "factors," in the language of the Second Amended Complaint—are weighted, how they are used to arrive as a precise numerical ATIS, or what ATIS would be produced in any given set of circumstances.  And Defendants do not identify where information contained in the "Residual Table" is revealed in the '746 Patent, nor can this Court discover it on its own.

AutoTrakk, then, has sufficiently pled the existence of trade secrets.

### C. Whether AutoTrakk Has Sufficiently Alleged That Defendants Misappropriated Its Trade Secrets

Defendants argue that AutoTrakk fails to allege that its trade secrets were misappropriated.  This Court disagrees.

AutoTrakk alleges that Defendant Michael Caffrey, while employed by Defendant Automotive Leasing Specialists, Inc. ("ALS," an AutoTrakk competitor), would ask Defendant George Stauffer, an AutoTrakk employee, "to gather or generate information using AutoTrakk's computer systems to help . . . develop similar leasing terms for" ALS.[11]  AutoTrakk alleges that Mr. Stauffer would comply, and that Mr. Stauffer "sent [Mr.] Caffrey copies of the proprietary worksheets generated using AutoTrakk's internal computer modeling system."[12]

---

[10]  ECF No. 44, Ex. A ('746 Patent) col. 8 lns. 27-28, 47-49.

[11]  ECF No. 40 ¶ 30.

[12]  ECF No. 40 ¶ 31.

AutoTrakk, then, has sufficiently alleged that Defendants misappropriated its trade secrets—*i.e.*, that Defendants improperly utilized AutoTrakk's method of determining competitive terms for its leases.

### D. Whether AutoTrakk Has Sufficiently Alleged the Existence of Damages on Its Trade Secrets Claim

Defendants argue that AutoTrakk's trade secrets claims should fail because AutoTrakk has "failed to identify any harm linked to the alleged misappropriation of" its trade secrets.[13] This Court disagrees.

Under both federal law (on which Count I is premised) and state law (on which Count II is premised), courts are empowered to base damages awards on the value of actual loss as well as unjust enrichment—or, in the alternative, on the value of a reasonable royalty.[14] On the basis of the pled facts, this Court can infer, at the very least, either (1) that Defendants were unjustly enriched in some amount by their use of AutoTrakk's trade secrets or (2) that AutoTrakk is entitled to some amount of royalties for Defendants' use of its trade secrets. AutoTrakk, then, has sufficiently alleged the existence of damages.

---

[13] ECF No. 45 (Brief in Support of Motion to Dismiss) at 14.

[14] 18 U.S.C. § 1836(b)(3)(B); 12 Pa. C.S. § 5304(a).

### E. Whether AutoTrakk Has Sufficiently Alleged Its Claim of Tortious Interference with Current and Prospective Business Relationships

Defendants argue that AutoTrakk has not sufficiently alleged its claim of tortious interference with current and prospective business relationships, because it has not alleged that any such relationships have in fact been harmed. This Court agrees.

As this Court noted in its previous memorandum opinion, one element of a tortious interference claim is "the occasioning of actual legal damage as a result of the defendants' conduct."[15] Although AutoTrakk has amended its complaint to allege that Defendants sent an "Authorized Franchise Dealer Agreement for Motor Vehicle Leases" to the Finance Director of Apple Nissan[16]—one of AutoTrakk's customers—AutoTrakk has not alleged, *e.g.*, that Defendants successfully wooed Apple Nissan away from AutoTrakk.

AutoTrakk, then, has not sufficiently alleged its claim of tortious interference with current and prospective business relationships, and that claim will be dismissed. In light of the fact that this is AutoTrakk's *Second* Amended Complaint, this Court finds that further amendment will be futile, and will dismiss the claim with prejudice.

---

[15] ECF No. 38 at 27 (quoting *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 530 (3d Cir. 1998)).

[16] ECF No. 40 ¶ 40.

### F. Whether AutoTrakk Has Sufficiently Alleged Its Claim of Unfair Competition

As this Court explained in its last opinion, different courts have shunted different conduct under the umbrella of "unfair competition," and Pennsylvania law in this area is far from pellucid.[17] Because AutoTrakk has sufficiently alleged its trade secrets claim, however, this Court will allow it to proceed on its unfair competition claim.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss AutoTrakk's Second Amended Complaint is granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] ECF No. 38 at 31-39.